UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED LINEN WHOLESALE, L.L.C.,, | Hon. Dennis M. Cavanaugh |
| Plaintiff, | OPINION |
| v. | Civil Action No. 06-5934 |
| THE NORTHWEST COMPANY, |  |
| Defendant. |  |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Plaintiff United Linen Wholesale, L.L.C.'s ("Plaintiff" or "ULW") motion for entry of final judgment and upon cross-motion by The Northwest Company ("Defendant" or "Northwest") to dismiss Plaintiff's Complaint or, in the alternative, to vacate the default entered in Plaintiff's favor and allow Defendant to answer Plaintiff's Complaint. This Court entertained no oral argument pursuant to Fed R. Civ. P. 78. For the reasons stated below, the Plaintiff's motion for entry of final judgment is **denied**, and the Defendant's motion to dismiss is **denied**, and the Defendant's motion to vacate the entry of default is **granted**.

I.   **BACKGROUND**

Defendant Northwest is a North Carolina corporation which manufactures home textile products, such as licensed comforters, pillows, throws and bedding bearing the recognized brands and logos of the National Football League and Disney, for example.  Northwest's corporate offices are located in Roslyn, New York and its showroom is in New York City.  Plaintiff ULW is a limited liability company located in Elmwood Park, New Jersey.  ULW is in the business of obtaining and selling licensed items, such as those manufactured by Northwest.

In April 2006, Defendants sold Plaintiff its licensed blankets, comforters and bedding. Plaintiff claims that the Defendant agreed that only Plaintiff would be the exclusive buyer of the products which Plaintiff purchased from Defendant.  After the exchange of several payments for the shipments of the merchandise, an issue arose regarding the exclusivity of the agreement and quality of the products.

On December 12, 2006, Plaintiff filed a Complaint alleging causes of action for Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, Material Misrepresentation, Breach of Fiduciary Duty, Unjust Enrichment, Breach of Contract/Constructive Discharge from Contract and Intentional Infliction of Emotional Distress.  Plaintiff requested a default against Defendant for failure to answer or otherwise respond to Plaintiff's Complaint on January 20, 2007.  The Clerk of this Court entered a default against Defendant on January 22, 2007.

Plaintiff filed a Motion for Entry of Final Judgment on January 26, 2007.  Defendant filed a cross-motion to dismiss for lack of personal jurisdiction or, in the alternative, to grant Defendant leave to file an Answer out of time.

**II.     DISCUSSION**

*Personal Jurisdiction*

On a motion to dismiss for lack of personal jurisdiction, "the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish jurisdiction." Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 146 (3d Cir. 1992). Defendant argues that Plaintiff cannot make the requisite showing because Defendant has insufficient contacts with New Jersey to subject it to jurisdiction. Plaintiff disagrees and asserts that this Court should exercise personal jurisdiction over Defendant because Defendant, through its conduct and actions, has purposely availed itself of the privileges, benefits and protections of the forum state and thus it is not unreasonable to require the Defendant to submit to litigation in New Jersey.

Pursuant to Fed. R. Civ. P. 4(e), "district courts have personal jurisdiction over non-resident defendants to the extent authorized under the law of the forum state in which the district court sits." Fed. R. Civ. P. 4(e) (2007); Sunbelt Corp. v. Noble, Denton & Assocs., 5 F.3d 28, 31 (3d Cir. 1993). New Jersey's long-arm statute permits the exercise of personal jurisdiction over a non-resident defendant to the full extent permitted by the Due Process Clause of the Fourteenth Amendment of the Constitution. See N.J. Sup. Ct. R. 4:4-4(c)(1); see also DeJames v. Magnificence Carriers, Inc., 654 F.2d 280, 284 (3d Cir. 1981). Accordingly, the question of whether a court has personal jurisdiction over a defendant is determined by federal constitutional law. See IMO Indus. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998).

"Due process requires that the defendant have 'minimum contacts' in the forum state, and that the exercise of jurisdiction comport with 'traditional notions of fair play and substantial justice.'" Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001) (quoting International Shoe Co.

v. Washington, 326 U.S. 310, 316 (1945)).  "[M]inimum contacts must have a basis in 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.'" Id. (quoting Asahi Metal Indus. Co., Ltd. v. Superior Court of California, 480 U.S. 102, 109 (1987) (citation omitted)).

Minimum contacts can be satisfied in two ways: specific or general.  See Eaton Corp. v. Maslym Holding Co., 929 F. Supp. 792, 796 (D.N.J. 1996) ("Personal jurisdiction can be found where there exists general or specific jurisdiction over a defendant or defendants.").  To satisfy the Due Process Clause of the Fourteenth Amendment, however, both general and specific jurisdiction require "the defendant's conduct and connection with the forum State [to be] such that he should reasonably anticipate being hailed into court there."  Worldwide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

**Specific Jurisdiction**

"Specific jurisdiction over the defendant exists when the claim is directly related to or arises out of the defendant's activities with the forum."  E.E. Cruz & Co., Inc. v. Alufab, Inc. 2006 U.S. Dist. Lexis 29706, at *9 (D.N.J. May 16, 2006) (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985)).  The activities must rise to the level of minimum contacts with the forum.  Exton v. Our Farm, Inc., 943 F.Supp. 432, 438 (D.N.J. 1996).

Plaintiff asserts that personal jurisdiction over Defendant is proper under the "stream of commerce" theory.  World-Wide Volkswagen Corp., 444 U.S. at 298.  Under the stream of commerce theory, "a forum state may exercise jurisdiction over a non-resident corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State."  World-Wide Volkswagen Corp., 444 U.S. at 298.

If Defendant, through a distribution chain, arranged for the products at issue to find their way into the forum state, then minimum contacts sufficient to permit this Court to exercise specific jurisdiction over Defendant would exist. Defendant asserts that Plaintiff's stream of commerce argument fails because "[t]ypically, such a theory of jurisdiction is relevant in a tort action where a product causes injury in a jurisdiction other than the one in which the manufacturer or distributor is located." Def. Br. at p. 9.

Defendant, however, cites no authority for the proposition that a stream of commerce theory of jurisdiction is usually limited to tort causes of action. In fact, that argument was rejected by the Supreme Court of New Jersey and recognized by this District: "we perceive no basis for allowing the nature of the injury to preclude the application of the stream of commerce theory. Accordingly, we hold that the stream of commerce theory can subject to the jurisdiction of the courts of this state a [non-resident] manufacturer that has caused property damage or economic loss." Buchanan-Ezratty Assocs., Inc. v. Rival Co., Civ. No. 94-4088, 194 WL 673492 (D.N.J. 1994) at *3.

In the case at bar, the economic injury of which Plaintiff complains arose out of the alleged breach of contract between the parties. The conduct arises from the alleged selling of goods to other distributors by Defendant after allegedly representing that Plaintiff would be the exclusive provider of the particular goods. Plaintiff also complains about the quality of products purchased from Defendant. A review of Defendant's website indicates that several of its other customers resell the goods at issue and that several of those retailers have an extensive number of stores carrying Defendant's products in New Jersey. See Till Cert. at Exhibits A, B and C.

Therefore, it would appear that Defendant "knew or reasonably should have known of the

distribution system through which its products were being sold in the forum state." Charles Gendler & Co., Inc. v. Telecom Equip. Corp., 102 N.J. 460, 480 (1986).  This Court finds that it may properly exercise specific personal jurisdiction over the Defendant based on the "stream of commerce" theory.   Defendant's cross-motion to dismiss for lack of personal jurisdiction is, therefore, denied.

*Vacation of Entry of Default*

Rule 55©) of the Federal Rules of Civil Procedure provides that "[f]or good cause shown, the court may set aside an entry of default . . ." Fed. R. Civ. P. 55©) (2007).  "It is well settled in [the Third] Circuit that, on a motion for vacating a default under FRCP 55©) or a default judgment under FRCP 60(b), the district court, in exercising its discretion, must consider: '(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct.'" Mettle v. First Union Nat'l Bank, 279 F.Supp.2d 598, 601(D.N.J. 2003), (citing Gold Kist, Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir. 1985)); Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984).

Defaults are generally disfavored and may be vacated in the court's discretion.  United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984).  "In cases where a party has moved to set aside a default, doubtful cases should be resolved in favor of the party moving to set aside a default entry 'so that cases may be decided on their merits.'" Belvidere & Del. River Ry. Co., Inc. v. Olson 2006 U.S. Dist. Lexis 90932, at *4 (D.N.J. Dec. 18, 2006) (quoting $55,518.05 in U.S. Currency, 728 F.2d at 194-95).

Plaintiff seeks unspecified damages in excess of $500,000.00.  Compl. ¶75.  Cases

involving large sums of money should not usually be determined by default judgment if it can be reasonably avoided.  Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 245 (3d Cir. 1951). In general, the district court should apply a standard of liberality rather than strictness in considering an application to set aside a default.  The Scully Co. v. Onebeacon Ins. Co., 2004 U.S. Dist. Lexis 10571, at *5-6 (E.D.Pa.2004) (citing Medunic v. Lederer, 533 F.2d 891, 893-94 (3d Cir. 1976) (quoting Tozer, 189 F.2d at 245)).

### Prejudice

Plaintiff concedes that it will not be prejudiced by a vacation of the entry of default.

### Meritorious Defense

This Court is not required to decide the specific legal and factual issues raised at the time it considers the motion to set aside the default, but it is sufficient that the proposed defense not be "facially unmeritorious".  Emcasco Ins. Co. v. Sambrick, 834 F.2d 71 (3d Cir. 1987). By its Complaint, Plaintiff seeks to recover monies paid to Defendant for the purchase of NFL and Disney brand comforter sets.  Plaintiff asserts that Defendant breached the parties' contract upon becoming aware that one of Plaintiff's competitors began selling merchandise similar to that which Plaintiff purchased from Defendant.  Compl. ¶¶33-36.

In Defendant's Proposed Answer and the Affidavit of Glen Auerbach, Vice-President of Northwest,  Defendant refutes Plaintiff's allegations and presents facts which may establish a meritorious defense.  Defendant insist that it only sold the subject merchandise to Plaintiff in conformity with the parties' contract.  Auerbach Aff. ¶15.   Plaintiff asserts that the goods at issue are being sold by major retailers throughout the United States in violation of the exclusivity clause of the Contract.  Defendant denies that any breach occurred.

Based on the sworn Affidavit of Auerbach and the Proposed Answer, it does appear as though Defendant has a meritorious defense. Defendant flatly asserts that no breach of the contract between the parties took place. This Court favors the disposition of this dispute on the merits rather than on procedure.

### Culpable or Excusable Conduct

The culpable conduct standard requires more than mere negligence as the reason for a defendant's failure to respond. Rather, there must be willfulness or bad faith, "including acts intentionally designed to avoid compliance with court notices." Hritz v. Woma Corp., 732 F.2d 1178, 1183 (3d Cir. 1984).

To determine whether the reason for Defendant's default is the result of excusable circumstances or culpable conduct,. the Court will look at whether the defendant acted with "willfulness" or "bad faith" by failing to respond to the Complaint. New Jersey Right to Life Comm., Inc. v. New Jersey Republican Prolife Coalition, 2006 U.S. Dist. Lexis 54492 at *5 (D.N.J. Aug. 4, 2006) (citing Hritz, 732 F.2d at 1181).

As set forth in the Affidavit of Michael Busser, Northwest's Chief Financial Officer ("CFO"), Defendant's default was the result of the inadvertent failure to an employee to appreciate the significance of the documents, and not due to any willful or culpable conduct. Busser Aff. ¶11. In his capacity as Defendant's CFO, Busser has never been directly involved in legal actions brought by or against his employers and is unfamiliar with the form and substance of legal pleadings. Id. at ¶15.

Plaintiff argues that Busser was placed under no greater obligation than any other citizen of this country when served with a summons and complaint. Plaintiff states that many of those

upon whom summons and complaints are served everyday are people without legal training or experience.  Therefore, Plaintiff argues, Busser's lack of legal training or experience should be rejected as an excuse.

However, Plaintiff fails to argue or explain how Defendant's failure to timely respond to its Complaint represents an act of willfulness or bad faith amounting to an intentional disregard of the court notice.  This Court is satisfied that Defendant's failure to timely respond to Plaintiff's Complaint was not the result of a calculated litigation tactic intended to frustrate or gain an advantage over Plaintiff.  Rather, it was a mistake, which is excusable conduct in these circumstances.

This Court finds that the default entered on January 22, 2007 be set aside to permit Defendant to file its Proposed Answer.

### III.   CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss for lack of personal jurisdiction is **denied**; Defendant's motion to vacate the entry of default is **granted**; and that Plaintiff's motion for entry of final judgment is **denied**.  An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:       July  26 , 2007
Orig.:      Clerk
cc:         Counsel of Record
            The Honorable Mark Falk, U.S.M.J.
            File