NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED LINEN WHOLESALE, L.L.C., : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, : | **OPINION** |
| v. : | Civil Action No. 06-CV-5934 (DMC) |
| THE NORTHWEST COMPANY, : |  |
| Defendant. : |  |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motions by Defendant, The Northwest Company ("Northwest") and Plaintiff, United Linen Wholesale, L.L.C.'s ("ULW") for reconsideration of this Court's March 31, 2009 summary judgment Opinion pursuant to L. Civ. R. 7.1(i). After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that ULW's and Northwest's motions for reconsideration are **denied**.

**I.      Background**[1]

  **A.      Factual Background**

Northwest is a North Carolina corporation which manufactures home textile products, such as licensed comforters, throws and bedding bearing recognized brands, images, and logos. Northwest's corporate offices are located in Roslyn, New York. ULW is a limited liability company located in Elmwood Park, New Jersey. ULW is in the business of obtaining and selling

---

[1] The facts set-forth in this Opinion are taken from the Parties' statements in their respective papers.

licensed items, such as those manufactured by Northwest.

In April 2006, Northwest began selling ULW comforters bearing marks, images and logos owned by the National Football League ("NFL") and Disney. ULW claims that it had an agreement with Northwest which designated ULW as the exclusive distributor of NFL and Disney licensed comforters to the Hispanic market in all states of the United States other than Texas for the year 2006. After the exchange of several shipments of merchandise and payments, an issue arose regarding exclusivity.

In August 2006, ULW informed Northwest that it would not accept any more shipments of the Disney Licensed Comforters.

### B. Procedural History

On December 12, 2006, ULW filed a Complaint alleging causes of action for breach of contract, breach of the covenant of good faith and fair dealing, material misrepresentation, breach of fiduciary duty, unjust enrichment, breach of contract/constructive discharge and intentional infliction of emotional distress.

The Clerk of the Court entered default against Northwest on January 22, 2007. ULW filed a motion for entry of default judgment on January 26, 2007. Northwest filed a cross-motion to dismiss for lack of personal jurisdiction or, in the alternative, to grant Northwest leave to file an Answer out of time. On July 26, 2007, this Court denied Northwest's motion to dismiss but granted Northwest's motion to vacate default.

On August 18, 2008, Northwest filed a motion for summary judgment. On January 8, 2009, Northwest filed a motion to preclude consideration of communications barred by the dead man's statute. On January 28, 2009, ULW filed a motion seeking a continuance of Northwest's

motion for summary judgment pursuant to Fed. R. Civ. P. 56 (f). The Court denied Plaintiff's motion for summary judgment, denied Plaintiff's motion for continuance, and granted Northwest's motion to preclude consideration of communications barred by the dead man's statute.

On April 9, 2009, ULW filed a motion for reconsideration pursuant to L. Civ. R 7.1(i). On April 20, 2009, Northwest filed a cross-motion for reconsideration and opposition to ULW's motion for reconsideration.

**II.    Legal Standard**

Motions for reconsideration in this District are governed by Local Civil Rule 7.1(i). Local Rule 7.1(i) provides that a party may file a motion for reconsideration "within ten (10) business days after entry of the Order or Judgment on the original motion by the Judge or Magistrate Judge." A motion pursuant to Local Rule 7.1(i) may be granted only if (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. Database Am., Inc. v. Bellsouth Adver. & Pub. Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993); see also North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). Such relief is "an extraordinary remedy" that is to be granted "very sparingly." See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996). Local Rule 7.1(i) does not contemplate a recapitulation of arguments considered by the Court before rendering its original decision. See Bermingham v. Sony Corp. Of Am., Inc., 820 F. Supp. 834, 856 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994). In other words, a motion for reconsideration is not an appeal. It is improper on a motion for reconsideration to "ask the court

to rethink what it ha[s] already thought through - rightly or wrongly." Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990)).

**III.     Discussion**

    **A.     Northwest's Motion for Reconsideration**

Northwest argues that the denial of its motion for summary judgment should be reconsidered because the Court committed clear error in two ways: (1) by not considering the legal requirement that a writing sufficient to meet the Copyright Act's statute of frauds must clearly transfer the right at issue; and (2) by finding that the e-mails and other writings referenced by ULW raise an issue of fact as to whether Northwest purported to grant ULW the exclusive right to sell comforters in the Hispanic Market.

Northwest's Copyright Act statute of frauds argument was raised by Northwest in its opposition to summary judgment. The Court considered Northwest's argument and made a finding directly related to this argument. Similarly, the Court considered Northwest's UCC statute of frauds argument and discussed whether e-mails and/or a grouping of writings is sufficient to satisfy the statute of frauds. As stated above, Local Rule 7.1(i) does not contemplate a recapitulation of arguments already considered by the Court. See Bermingham v. Sony Corp. Of Am., Inc., 820 F. Supp. at 856 (D.N.J. 1992). The arguments raised by Northwest present complicated questions of law and fact. For this reason, denying Northwest's summary judgment motion was not clear error. Accordingly, reconsideration is not appropriate.

    **B.     Plaintiff's Motion for Reconsideration**

Plaintiff seeks reconsideration of this Court's determination that New York law governs this case. ULW contends that the Court (1) relied on an erroneous factual finding and (2) failed

to apply New Jersey's "significant relationship" test to determine whether New York or New Jersey substantive law applies.

In deciding which state law to apply, the Court reviewed the underlying relationship between the parties and the contacts this relationship had with each state. In balancing the contacts with New York and New Jersey, the Court determined that New York had more significant contacts. The Court did use the term closest contact, rather than significant relationship, however, the significant relationship test and closest contact test are synonymous. See Rohm & Haas Co. v. Adco Chemical Co., 689 F.2d 424, 429 (3d Cir. N.J. 1982) (holding that when making a choice of law determination, New Jersey looks to the law to the jurisdiction "having the most significant relationship and closest contacts with the occurrence and the parties"). In its motion, ULW is merely expressing disagreement with the Court's decision to apply New York law. A motion for reconsideration is neither an opportunity for a litigant to ask a court to rethink an issue it has already considered, nor is it an appeal. See Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990)). Accordingly, ULW's arguments do not support reconsideration.

**V.     Conclusion**

For the foregoing reasons, both ULW's and Northwest's motions for reconsideration are **denied**. An appropriate Order accompanies this Opinion.

    S/ Dennis M. Cavanaugh
    Dennis M. Cavanaugh, U.S.D.J.

Date:       August  31 , 2009
Orig.:      Clerk
cc:         All Counsel of Record
            Hon. Mark Falk, U.S.M.J.
            File