NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED LINEN WHOLESALE, L.L.C., A New Jersey Corporation <br><br> Plaintiff, <br><br> v. <br><br> THE NORTHWEST COMPANY <br><br> Defendant | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No.: 2:06-cv-5934 (DMC) |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>

This matter comes before the Court upon emergent motion by United Linen Wholesale, L.L.C. ("Plaintiff") to impose fees, sanctions and other relief for discovery violations[1] on The Northwest Company ("Defendant"). For the reasons contained herein, the motion is **denied.**

I.  **BACKGROUND**

On September 27, 2010, mere hours before the case at bar was set for trial, Plaintiff informed the Court and Defendant that a witness with relevant knowledge and in possession of

---

[1] Although the instant motion does not specifically request that the Court amend the final pre-trial order, that is the only mechanism available to provide the relief requested by Plaintiff in the instant motion. The Court declines to amend the order.

1

probative e-mails from Mr. Shay Auerbach had come forward by contacting the Plaintiff's brother.  On the morning of September 28, 2010 when the parties appeared in Court for the purpose of selecting a jury and commencing trial, Plaintiff sought to amend the Final Pre-Trial Order by adding a newly discovered witness, Ms. Janet Park.  The Final Pre-Trial Order had been filed on August 25, 2009, and discovery in this matter had concluded on May 21, 2008.  Defendants object, claiming they would be unfairly prejudiced if the witness is allowed to testify.

II.     **LEGAL STANDARD**

    A.  Amendment of Final Pre-trial order

A motion to amend the final pretrial order is governed by Rule 16(e), Fed.R.Civ.P., which states:

> after any conference held pursuant to this rule, an order shall be entered reciting the action taken.  This order shall control the subsequent course of the action unless modified by a subsequent order.  The order following a final pretrial conference shall be modified only to prevent manifest injustice.

Although there is no precise definition of "manifest injustice," courts have developed a series of factors to be evaluated as part of the inquiry.  As the Court explained in *Scopia Mortgage Corp. v Greentree Mortgage Corp.*, L.P. 184 F.R.D. 526, 528-529, (D.N.J., 1998),

> in 1977, prior to the amendment to Rule 16(e) to include the 'manifest injustice' standard for amendments to the final pretrial order, the Third Circuit noted that there are four main considerations behind this inquiry when it comes to adding new witnesses: (1) prejudice or surprise in fact to the nonmoving party; (2) ability of that party to cure the prejudice; (3) extent to which waiver of the rule would disrupt the orderly and efficient trial of the case; (4) bad faith or willfulness on the part of the movant.  *Meyers v. Pennypack Woods Home Ownership Ass'n,* 559 F.2d 894, 905 (3d Cir.1977).  The Third Circuit derived those elements from case law, which provides a host of other *529 considerations as well, including the

>ability of the movant to have discovered witnesses earlier, the validity of the excuse offered by the party, and the importance of the proffered testimony. *Id.* at 904 (internal citations omitted). If anything, the standard required by Rule 16(e) is more stringent than the old *Meyers* standard. More recent cases have focused on additional factors such as the importance of the proffered testimony, *see Konstantopoulos v. Westvaco Corp.,* 112 F.3d 710, 720 (3d Cir.1997), and whether the decision to amend to include additional witness testimony is a matter of a new strategy or tactic. *Fashauer v. New Jersey Transit Rail Operations, Inc.,* 57 F.3d 1269, 1287 (3d Cir.1995). The Court should take all of these factors, those stated in *Meyers* prior to the amendment to Rule 16(e) and those emphasized in more recent years, to determine whether granting the amendment is necessary to prevent manifest injustice to the movant.

### B. Impeachment

Fed. R. Civ. P. 26(a)(3) states that evidence "introduced solely for impeachment purposes" is admissible even if it is not disclosed before trial. But the 9th Circuit held, in an opinion recently cited in our own Circuit (*see Mente Chevrolet Oldsmobile, Inc. V GMAC,* –F. Supp. 2d__, 2010 WL 2925738 (E.D.Pa., 2010) that impeachment is improper when it is "employed as a guise to present substantive evidence to the jury that would be otherwise inadmissible." *United States v. Gilbert,* 57 F.3d 709, 711 (9th Cir.1995) (per curiam).

### III. DISCUSSION

The relevant issues are whether allowing an amendment of the Final Pre-Trial Order would prevent "manifest injustice," and whether the e-mails from Ms. Park could be admissible for the limited purpose of impeaching Defense witnesses.

As to the factors that the Court must consider in determining whether to amend the Final Pre-Trial Order to prevent manifest injustice, there is no question that Defendant was surprised, although that alone would not support the Court's ruling since the discussion which follows as to

3

what Plaintiff should have known or suspected about the existence of Ms. Park applies per force to Defendant. The orderly and efficient conduct of the trial has already been disrupted, so the Court finds that factor inapposite in this circumstance. Most compelling amongst the factors that the Court is to consider is the ability of the movant to have discovered the witness earlier. In the colloquy that took place on the record between the Court and Plaintiff's attorney on September 28, 2010, it was clear that Plaintiff was in possession of sufficient information about the possibility of discoverable evidence concerning J.P. Imports, and had sufficient time in which to explore the relevance of that evidence prior to the eve of trial. Although the responses that Defendant made to Plaintiff's interrogatories are somewhat unclear, the fact that Plaintiff never objected nor requested supplemental information does not support the Plaintiff's argument that Plaintiff was misled or deprived of valuable information. Although Plaintiff may not have known of Ms. Parks herself, it certainly knew of her company, and its potential relevance[2]. Moreover, as Defendant points out, Plaintiff's contention that Defendant was required to disclose Ms. Parks as a potential witness pursuant to Fed. R. Civ P. 26 misconstrues the Rule, which states that disclosure of individuals with discoverable information must be provided to the adversary, but only to the extent that "the disclosing party may use [them] to support its claims and defenses." Since it is clear that Defendant never intended to call Ms. Parks nor use her to support a claim or defense, disclosure of her name as a potential witness was not necessary.

---

[2]The Court notes that in its reading of the moving papers from both parties in ruling on both the motion for summary judgment and the motions *in limine*, the Court was well aware of the existence and potential relevance of J.P. Imports to the proceedings. It is hard to imagine that skilled and experienced attorneys for Plaintiff would not have been similarly aware, and with nothing more than ordinary diligence might have discovered that Ms. Janet Park was the president of J.P. Imports, the company which bears her initials.

Moreover, while discovery is meant to prevent either party from hiding relevant information, it is not intended to take the place of the ordinary investigative diligence that adversaries are expected to perform. This Court finds that Plaintiff could have contacted Ms. Park prior to entering the Final Pre-Trial Order. This factor overwhelmingly favors a finding that there is no manifest injustice in precluding this witness at this late stage of the proceedings.

Although Fed. R. of Ev. 26 allows for non-disclosure of evidence that is used solely for impeachment, courts have noted that this exception may not be used to allow inadmissible evidence in through the back door. The Court is concerned that allowing the evidence of Ms. Parks' contact with Mr. Shay Auerbach into evidence may be nothing more than Plaintiff's attempt to make an end-run around the Court's ruling as to the Statute of Frauds and the Dead Man's Statute. To the extent that there is legitimate impeachment value, the Court will permit the evidence, but not to the extent that statements by the late Mr. Auerbach may be used to impeach the testimony of other witnesses who lack first hand knowledge of what the late Mr. Auerbach may have written or said. The Court is not persuaded by the examples that Plaintiff cites from the deposition of Mr. Glen Auerbach, but reserves on the possibility that there may yet be impeachment value in the proffered e-mails. Nonetheless, the Court will not allow Plaintiff to construe or interpret, or ask a witness to construe or interpret, the writings of a witness who is now deceased, and who is therefore unable to explain or defend his own conduct, especially if the underlying purpose is not to impeach a witness but rather to admit parol evidence that the Court has already ruled to be inadmissible. For whatever limited impeachment value there may be that has yet to have been revealed, the Court reserves decision, and will resolve this issue at trial, if presented. At the appropriate time, the Court will also consider

Defendant's hearsay objections.

      The Court declines to impose sanctions on either party.

**IV.**    **CONCLUSION**

      For the foregoing reasons, Plaintiff's motion for sanctions is **denied**. An appropriate Order follows this Opinion.

                                             S/ Dennis M. Cavanaugh
                                             DENNIS M. CAVANAUGH, U.S.D.J.

Date:   October  19 , 2010
cc:     Hon. Joseph A. Dickson, U.S.M.J.
        Counsel of Record

6