NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED LINEN WHOLESALE, L.L.C., A New Jersey Corporation<br><br>Plaintiff,<br><br>v.<br><br>THE NORTHWEST COMPANY<br><br>Defendant | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No.: 2:06-cv-5934 (DMC) |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>

       This matter comes before the Court upon motion by United Linen Wholesale, L.L.C. ("Plaintiff"), asking this Court to reconsider its October 19, 2010 Opinion, pursuant to L. Civ. R. 7.1(i). For the reasons contained herein, the motion is **denied.**

**I.     BACKGROUND**

       On September 27, 2010, mere hours before the case at bar was set for trial, Plaintiff informed the Court and Defendant that a witness with relevant knowledge and in possession of probative e-mails from Mr. Shay Auerbach, the deceased principal of Defendant Northwest, had come forward by contacting the Plaintiff's brother. On the morning of September 28, 2010 when the parties appeared in Court for the purpose of selecting a jury and commencing trial, Plaintiff sought to amend the Final Pre-Trial Order by adding a newly discovered witness, Ms. Janet

Park.[1] After hearing oral argument, the Court requested written submissions from both parties. In an opinion filed on October 19, 2010 this Court held that Plaintiff's motion to amend the Final Pre-Trial Order, as well as a request for sanctions, was denied. This motion for reconsideration followed.

## II.    STANDARD OF REVIEW

Motions for reconsideration are governed by L. Civ. R. 7.1(i).  See U.S. v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).  A motion pursuant to Local Rule 7.1(i) may be granted if (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.  Database Am., Inc. v. Bellsouth Adver. & Pub. Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993).  Such relief is "an extraordinary remedy" that is to be granted "very sparingly."  See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996). Local Rule 7.1(i) does not contemplate a recapitulation of arguments considered by the Court before rendering its original decision.  See Bermingham v. Sony Corp. Of Am., Inc., 820 F. Supp. 834, 856 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994).  In other words, a motion for reconsideration is not an appeal.  It is improper on a motion for reconsideration to "ask the court to rethink what it ha[s] already thought through."  Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990).

## III.    DISCUSSION

In order to prevail on a motion for reconsideration the Plaintiff has a high burden of proof

---

[1] The Final Pre-Trial Order wasfiled on August 25, 2009, and discovery in this matter concluded on May 21, 2008.

2

which, in the instant case, is simply not met. Although the Court will briefly address the merits of Plaintiff's argument, the most salient fact is Plaintiff's failure to raise issues that would suggest that this Court's Opinion of October 19, 2010 was based either on a clear error of law, an intervening change in the controlling law, evidence not previously available to the Court on the prior motion, or would prevent manifest injustice.

Plaintiff contends that this Court's earlier opinion was based on "several factual inaccuracies." (Plaintiff's Memo in Support of Motion for Reconsideration, ECF Doc.100-6, page 6). First, Plaintiff argues that the Court was "without sufficient information to explore the relevance of said newly discovered evidence...".(Id at 6). This Court first reviewed the newly discovered evidence as soon as the e-mails were brought to the Court's attention on September 27, 2010. After that, the Court explored their relevance at oral argument on September 28, 2010, and subsequently reviewed the evidence at length in ruling on both parties' moving papers on October 19, 2010. Plaintiff may be unhappy with the outcome of the Court's review, but to claim that the Court was without sufficient evidence is disingenuous. Plaintiff's vigorous complaint about Defendant's conduct during discovery belies the fact that Plaintiff might well have enlisted the resources of the Magistrate Judge to compel more complete responses to its interrogatories. After the "meet and confer" with Defendant's attorney in January, 2008, if Plaintiff remained dissatisfied with Defendant's cooperation it is inexplicable to this Court that Plaintiff failed to take advantage of the authority of the Magistrate Judge to compel adequate responses when it was in a position to do so.

On the one hand Plaintiff argues that Defendant withheld information about the importance of J.P. Imports, and deliberately created a smokescreen by referring to "J&B" rather

than "J.P." On the other hand, Plaintiff freely admits that it was aware that Defendant would rely on its dealings with J.P. Imports as evidence that it attempted to mitigate its damages. Plaintiff can not have its cake and eat it too.. Plaintiff can not credibly maintain that it knew of J.P. Imports, but only in the very limited context of mitigation of damages, and never thought to broaden its investigation into J.P. Imports especially in light of the fact, as Defendant correctly points out, that 4in or about late 2007, Northwest did produce documents that identified J.P. Imports as a party to which it sold comforters that Plaintiff refused to accept. See Declaration of Yale Han ("Han Dec.")[DE100-3], Exs. A and B (NW 80-86, 141-147). If Plaintiff failed to recognize the importance of that information, and chose only to speak with the other California company to whom Defendant sold the disputed comforters (Solhel of California Fashions), and did not press Defendant for more, Plaintiff can not come back, on a motion for reconsideration, and blame its own failure on its adversary. To the extent that Defendant planned to use J.P. Imports to support its claim or defense, they clearly were not planning to use Ms. Parks, and were thus not required to identify her. The invoices from J.P. Imports that Defendant supplied in discovery were sufficient to meet Defendant's obligations under Fed. R. Civ. P. 26(a).

Again, as previously stated, all of the arguments raised by both parties in the instant motion have already been carefully considered by the Court in its Opinion of October 19, 2010. There is nothing in the moving papers before the Court that has not been previously discussed at oral argument, or briefed on the previous motion. Plaintiff's frustration is understandable, but its failure to investigate J.P. Imports, even with the limited discovery that Defendant's alleged lack of forthrightness produced, is not. Plaintiff's attempt to reframe the issues is simply unavailing on a motion for reconsideration.

**IV.** **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to reconsider pursuant to Local Civ. R. 7.1 is **denied.** An appropriate order follows this opinion.

S/ Dennis M. Cavanaugh
DENNIS M. CAVANAUGH, U.S.D.J.

Date:   November   3  , 2010

cc: Counsel of Record